**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brian Christopher Daugherty, Appellant.

Appellate Case No. 2017-000738

---

Appeal From Charleston County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-203
Submitted May 1, 2019 – Filed June 5, 2019

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a

fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *id.* at 274, 676 S.E.2d 689 ("[A] trial court must assess the threshold foundational requirements of qualifications and reliability and further find that the proposed evidence will assist the trier of fact."); *State v. Brown*, 411 S.C. 332, 342, 768 S.E.2d 246, 251 (Ct. App. 2015) ("The general behavioral characteristics of child sex abuse victims are, therefore, more appropriate for an expert qualified in the field to explain to the jury, so long as the expert does not improperly bolster the victims' testimony."), *abrogated on other grounds by State v. Jones*, 423 S.C. 631, 637-38, 817 S.E.2d 268, 271 (2018); *State v. Weaverling*, 337 S.C. 460, 474-75, 523 S.E.2d 787, 794 (Ct. App. 1999) (holding expert testimony about "common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts" "is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault" as well as in "assist[ing] the jury in understanding some of the aspects of the behavior of victims and provid[ing] insight into the sexually abused child's often strange demeanor"); *State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) ("While experts may give an opinion, they are not permitted to offer an opinion as to the credibility of others."); *State v. Kromah*, 401 S.C. 340, 358-59, 737 S.E.2d 490, 500 (2013) ("[I]t is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter."); *Jones*, 423 S.C. at 637 n.2, 817 S.E.2d at 271 n.2 (finding the "generalized testimony" of an expert witness in a sex abuse trial who did not interview or evaluate the victims "did not result in improper bolstering on behalf of the victims").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.